UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-06346-MRA-MAR | Date | November 25, 2024 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF 10, 11]**

Before the Court is Plaintiff Jose Martinez's Motion to Remand and Amendment to the Motion to Remand (the "Motion").[1]  ECF 10, 11.  The Court has read and considered the Motion and held a hearing on October 3, 2024.  ECF 15.  For the reasons stated herein, the Court **DENIES** the Motion.

## I.     BACKGROUND

Plaintiff Jose Martinez ("Plaintiff" or "Martinez") filed this putative class action against Defendant Sunnova Corporation ("Defendant" or "Sunnova") on June 26, 2024, in Los Angeles County Superior Court.  *See generally* ECF 1 at 8-37, Ex. A (Compl.).  Martinez, who worked for Sunnova as an hourly, non-exempt solar technician, alleges that Sunnova violated the California Labor Code and engaged in unfair business practices stemming from its purported failure to pay overtime compensation, provide meal breaks and rest periods, pay minimum wage, provide accurate wage statements, maintain accurate time and payroll records, reimburse necessary business-related expenses, and pay reporting wages.  Compl. ¶¶ 1, 16-110.

On July 26, 2024, Defendant removed this action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[2]  *See generally* ECF 1.  On August 26, 2024,

---

[1] The Court hereinafter refers only to the Amendment to the Motion to Remand.

[2] Although Plaintiff brought this case as a putative class action, Defendant removed it based on diversity jurisdiction over Plaintiff's individual claims.  *See* ECF 1.  In *Gibson v. Chrysler Corp.*, the Ninth Circuit held that "there is supplemental jurisdiction over the claims of unnamed class members when the claim of an individual named plaintiff satisfies the amount-in-controversy requirement."  261 F.3d 927, 940 (9th Cir. 2001).  In moving to remand, Plaintiff does not contest supplemental jurisdiction over the claims of the unnamed class members, only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR | Date | November 25, 2024 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al | | |

Plaintiff filed the instant Motion, arguing that Defendant has not established that the amount in controversy exceeds the jurisdictional minimum, $75,000.³ ECF 11-1 at 7. Defendant filed an Opposition to the Motion on September 12, 2024, ECF 12, and Plaintiff filed a Reply on September 19, 2024, ECF 13. The Court held a hearing on October 3, 2024. ECF 15.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Removal of a state action to federal court is only proper if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

Where removal is sought based on diversity jurisdiction, the party asserting jurisdiction must show that (1) the parties are "citizens of different States," and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (describing the amount in controversy as what is "'at stake' in the litigation, whatever the likelihood that [plaintiff] will actually recover [that amount]"). "[T]his amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzalez v. CarMax Auto Superstores, Inc.*, 840 F.3d 644, 648-49 (9th Cir. 2016).

In most cases, this amount is determined by "the sum demanded in good faith in the initial pleading[.]" 28 U.S.C. § 1446(c)(2). However, "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017)

---

whether the amount in controversy has been satisfied to establish diversity jurisdiction over his individual claims. *See generally* ECF 11-1.

³ Plaintiff does not dispute that there is complete diversity of citizenship between Plaintiff, a California resident, and Defendant, a corporation incorporated under Delaware law with its principal place of business in Texas. *See generally* ECF 11; *see also* ECF 1 ¶¶ 5-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR | Date | November 25, 2024 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al | | |

(quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)); *see also* 28 U.S.C. § 1446(c)(2)(A)-(B).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), and the amount-in-controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court," *id.* at 87. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).

## III. **DISCUSSION**

Plaintiff was employed by Sunnova as an hourly, non-exempt employee for approximately three years from January 2020 until September 2023. Compl. ¶ 17. There is no dispute that for purposes of computing the amount in controversy, Plaintiff was employed for at least 667 workdays. *See* ECF 11-1 at 8, 9, 12; ECF 12 at 17; ECF 12-1 (Rillo Decl.) ¶ 7. Defendant submits uncontroverted evidence that Plaintiff's pro rata hourly wage rate was $39.18. *See* Rillo Decl. ¶¶ 4, 5, Exs. 1-3.

In its analysis, the Court does not consider Plaintiffs' minimum wage, reimbursement, and unfair business practices claims (Claims 4, 8, 9) because Defendant did not include these claims as part of its amount-in-controversy allegations in the Notice of Removal. *See generally* ECF 1; *see also* ECF 12 at 24-25 (alleging, without more, that damages as to these claims could be "significant"). The Court also adopts Plaintiffs' concessions in his Reply. Plaintiff concedes that the amount in controversy as to his overtime wage claim (Claim 3), based on a pro rata hourly rate of $58.77,[4] is at least **$9,146.57**. ECF 13 at 12. He also concedes that the amount in controversy as to his wait-time claim pursuant to California Labor Code sections 201-203 (Claim 5) is at least **$11,880**. *Id.*

---

[4] Defendant calculated Plaintiff's overtime rate by multiplying an hourly rate of $39.18 by 1.5. *See* ECF 12 at 19 n.6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-06346-MRA-MAR | Date | November 25, 2024 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al | | |

### A. Claims 1 and 2: Meal and Rest Period Penalties

Plaintiff alleges that he was not provided meal breaks and rest periods and was not paid premium pay for missed or interrupted meal breaks and rest periods. Compl. ¶¶ 23, 26, 27, 29, 54-74. Plaintiff seeks, *inter alia*, an award of one hour of pay at his regular rate of compensation for each workday that a meal period was not provided and premium wages. *Id.* ¶¶ 11, 13, at 32. California Labor Code section 226.7 provides that if "an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." In its Notice of Removal, Defendant assumed a 100% daily rate of meal break and rest period violations. *See* ECF 1 ¶ 16.

In his Motion, Plaintiff contends that Defendant "provides no basis whatsoever to support his claim nor does Defendant explain how it reached this figure or what evidence there is to suggest that Plaintiff is owed a meal and rest period violation for every single day he worked for Defendant." ECF 11-1 at 8. This argument misstates Defendant's burden. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008) ("The preponderance of the evidence standard means the 'defendant must provide evidence establishing that it is *more likely than not* that the amount in controversy exceeds that amount.' (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996))); *see also Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325-FCD-EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007). "A removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204-05 (citation omitted); *see also Lopez v. Aerotek, Inc.*, No. SACV 14-00803-CJC, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015) (explaining that a defendant "is not required to comb through its records to identify and calculate the exact frequency of violations").

Plaintiff maintains that Defendant's 100% violation rate is not supported by Plaintiff's time records, which show a facial violation rate of 19%. ECF 11-2 (Domb Decl.) ¶ 2, Ex. 1. Plaintiff argues that the time records show no meal period was recorded, the meal period was shorter than 30 minutes, or the meal period took place after the end of the fifth hour of work on 127 of 667 days. Defendant argues that although rest periods are not recorded in the same manner as meal periods, "it makes logical sense to assume a similar violation rate [for rest period violations] in the absence of any other evidence." ECF 11-1 at 9-10. Defendant responds that Plaintiff's 19% violation rate is "disingenuous and contradicts his Complaint." ECF 12 at 16-17. *First*, it argues that the Court should apply a 100% violation rate because Plaintiff alleges in his Complaint that these meal break and rest period violations were "routine" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR | Date | November 25, 2024 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al | | |

"systematic." ECF 12 at 15. *Second*, Defendant asserts that "facial violations" do not make up the majority of Plaintiff's meal break and rest period allegations. *Id.* at 16. It notes that Plaintiff lists at least seven ways that Defendant allegedly caused meal period violations, most of which would not be evinced in a time record. *Id.*

The Complaint "offer[s] no guidance as to the frequency of the alleged violations." *Bryant v. NCR Corp.*, 284 F. Supp. 3d. 1147, 1151 (S.D. Cal. 2018). Plaintiff claims that Defendant maintained a "policy and/or practice" that not only failed to provide Plaintiff with meal breaks, but also failed to relinquish control over Plaintiff and relieve him of his duties during recorded meal breaks. Compl. ¶ 23. Plaintiff also alleges that Defendant failed to maintain accurate records of meal breaks. *Id.* Furthermore, Plaintiff concedes that rest periods are not recorded in the same manner as meal breaks and "are not subject to a similar analysis." ECF 11-1 at 9-10.

Courts considering the reasonableness of a violation rate arising from "pattern and practice" allegations have generally done so in the context of determining jurisdiction under the Class Action Fairness Act ("CAFA"). In *Ibarra v. Manheim Investments, Inc.*, the Ninth Circuit affirmed the district court's holding that "a 'pattern and practice' of doing something does not necessarily mean *always* doing something." 775 F.3d 1193, 1198-99 (9th Cir. 2015). The court reasoned that "[b]ecause the complaint does not allege that [the defendant] universally, on each and every shift, violates labor laws by not giving rest and meal breaks, [the defendant] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions." *Id.* at 1199; *cf. LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202-03 (9th Cir. 2015) (holding that the maximum assumption is reasonable where plaintiff alleged that defendant categorically misclassified truck drivers as independent contractors and sought reimbursement of expenses including all fuel costs). In remanding the case, the court instructed the parties to submit evidence related to the contested amount in controversy but acknowledged that "a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199; *see also Arias*, 936 F.3d at 927 (rejecting district court's requirement that the defendant "prove it actually violated the law at the assumed rate," holding instead that "assumptions made part of the defendant's chain of reasoning need not be proven").

On the record presented here, the Court finds that Defendant's assessment of a 100% violation rate is a reasonable evaluation of the "*maximum* recovery the plaintiff could reasonably recover" on his meal break and rest period claims. *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis added). While it is true that Plaintiff's time records indicate Defendant denied Plaintiff a meal break on 19% of workdays, this evidence does not controvert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR | Date | November 25, 2024 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al | | |

the broad allegations in the Complaint that Defendant inaccurately recorded meal breaks and interrupted recorded meal breaks. Nor does Plaintiff make any persuasive argument for why this 19% violation rate applies to his rest period claims. Defendant reasonably assumes, absent evidence to the contrary, that these rest period violations could have occurred every workday. Defendant is not expected to prove Plaintiff's case while demonstrating an appropriate amount in controversy; "'proving the case' is irrelevant for amount-in-controversy determinations. As that phrase makes relatively clear, the issue is the amount that a plaintiff has put in controversy by filing a Complaint, not what the evidence will actually show." *Toribio v. ITT Aerospace Controls LLC*, No. CV 19-5430-GW-JPRX, 2019 WL 4254935, at *2 (C.D. Cal. Sept. 5, 2019). This is not a case where Defendant has grounded its amount-in-controversy assessment on Plaintiff's general pattern and practice allegations or otherwise "pulled [its assumptions] from thin air." *Ibarra*, 775 F.3d at 1199.

The Court therefore finds that Plaintiff's meal and rest break claims have placed **$52,266.12** (667 * $39.18 * 2 = $52,266.12) in controversy.

### B. Claim 6: Waiting Time Penalties During Employment

Plaintiff alleges that he was not paid all wages during his employment in violation of California Labor Code sections 204 and 210. Compl. ¶¶ 36, 86-91. He seeks statutory "waiting time" penalties. *Id.* ¶ 36, at 34.

Section 204 of the California Labor Code provides that "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month." Cal. Lab. Code § 204(a). An employer that fails to pay wages for each employee as provided under section 204(a) is subject to (1) a penalty of $100 for an initial violation and $200 for each further violation, plus (2) 25 percent of the amount unlawfully withheld. *Id.* § 210(a). Willful violations are subject to an initial penalty of $200. *Id.* § 210(a)(2).

In its Notice of Removal, Defendant contends that Plaintiff's allegation—that he was not lawfully compensated for each of his 69 pay periods—puts at issue minimum statutory penalties of $46,690. ECF 1 ¶ 14. In his Opposition, Defendant elaborates that even adopting Plaintiff's 19% violation rate as to meal breaks and rest periods would amount to an average of one meal break and rest period violation per week or four per pay period. ECF 12 at 22. In his Reply, Plaintiff contends that wait time penalties under section 210 are subject to a one-year statute of limitations, such that his waiting time claim only covers pay periods and days of work which occurred after June 26, 2023. ECF 13 at 13-14.

Plaintiff's argument is unavailing. It is well established that "statutes of limitations are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR | Date | November 25, 2024 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al | | |

affirmative defenses." *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc). Applying a one-year limitations period to Plaintiff's claim for waiting time penalties at this stage would require the Court to impermissibly weigh the merits of Defendant's potential affirmative defense prior to determining whether it has subject-matter jurisdiction. *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense. Further, if a district court had to evaluate every possible defense . . . [it] would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction."). In *Greene v. Harley-Davidson, Inc.*, relied upon by Defendant, the Ninth Circuit expressly held that a district court erred in considering the merits of the defendant's potential statute of limitations defense to determine the amount in controversy, reasoning that the "strength of any defenses indicates the *likelihood* of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in the litigation." 965 F.3d 767, 774 (9th Cir. 2020) (quoting *Arias*, 936 F.3d at 928); *see also Jauregui v. Roadrunner Transportation Serv., Inc.*, 28 F.4th 989, 994 n.6 (9th Cir. 2022) (stating, in a putative wage and hour class action, that plaintiff's reliance on various statutes of limitation to challenge defendant's calculations "confuses the amount in controversy with the amount that will ultimately be recovered").[5]

Plaintiff has alleged that at least one violation reasonably occurred during each pay period, such that penalties can be assessed as to every pay period. Moreover, because Plaintiff alleges that Defendant's violations were willful, *see* Compl. ¶ 90, a $200 penalty applies from the outset. For purposes of calculating the amount in controversy, the parties agree that Plaintiff received at least 69 paychecks in the course of his employment. *See* ECF 12 at 22; ECF 13 at 13; *see also* Rillo Decl. ¶¶ 4, 8, Ex. 3. Thus, at step one, the penalties total $13,800 (69 * $200). At step two, section 210 allows for recovery of an additional 25 percent of the amount unlawfully withheld. *See* Cal. Lab. Code § 210(a)(2). Defendant reasonably calculates that this amount is $7,708.85. *See* ECF 12 at 22-23, 23 n.7.

---

[5] Plaintiff's reliance on *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107 (C.D. Cal. 2010), is misplaced because it was decided prior to *Greene* and its progeny. *Cf. McCollum v. TGI Friday's, Inc.*, No. SACV 22-00392-FWS-JDE, 2022 WL 2663870, at * (C.D. Cal. July 11, 2022) (citing *Jauregui* in rejecting plaintiff's argument that defendant must account for the statute of limitation in its calculations in a putative wage and hour class action).

Case 2:24-cv-06346-MRA-MAR   Document 25   Filed 11/25/24   Page 8 of 10   Page ID #:326

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR | Date | November 25, 2024 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al | | |

Thus, Plaintiff's claim for wages not timely paid during employment puts at least an additional **$21,528.85** ($13,800 + $7,708.85) in controversy.

### C. Claim 7: Wage Statement Penalties

Plaintiff claims that Defendant failed to provide complete and accurate wage statements in violation of California Labor Code section 226(a). Compl. ¶¶ 37, 92-98. He seeks, *inter alia*, statutory penalties. *Id.* ¶ 40, at 34. An employer who knowingly and intentionally fails to comply with section 226(a) may be liable for "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Lab. Code § 226(e)(1). In its Notice of Removal, Defendant contends that the amount in controversy as to Plaintiff's wage statement claim is the statutory maximum of $4,000. ECF 1 ¶ 15.

In his Motion, Plaintiff argues that his wage statement claim is subject to a one-year limitations period, and because he filed his lawsuit on June 26, 2024, his claim for statutory penalties covers only pay periods after June 26, 2023. ECF 11-1 at 10-11. As explained above, Plaintiff cannot rely on a statute of limitations to whittle down the amount in controversy. *See Greene*, 965 F.3d at 774; *Jauregui*, 28 F.4th at 994 n.6. Because Plaintiff could recover the statutory maximum, notwithstanding any affirmative defense raised by Defendant, the Court determines that the amount in controversy as to Plaintiff's wage statement claim is **$4,000**.

### D. Attorneys' Fees

Plaintiff seeks to recover attorneys' fees as permitted by California law. Compl. ¶¶ 53, 78, 110. The California Labor Code and California Code of Civil Procedure permit a prevailing party to recover attorneys' fees and costs. *See* Cal. Lab Code §§ 1194(a), 2802(c); Cal. Civ. Proc. Code § 1021.5. In its Notice of Removal, Defendant includes an attorneys' fees award of at least $50,000 in its amount in controversy allegation. ECF 1 ¶ 18.

In its Motion, Plaintiff argues that Defendant's inclusion of attorneys' fees in the damages calculation is "legally and logically defective," and that its $50,000 assessment constitutes "an impermissible attempt to aggregate the attorney's fees which might be recovered on behalf of the unnamed class members and for Plaintiff on an individual basis." ECF 11-1 at 12-13. Plaintiff proposes dividing up the amount of the attorneys' fees claim by the actual number of class members, but acknowledges that both figures remain speculative at this stage of litigation. *Id.* at 13. In its Opposition, Defendant considers Plaintiff's individual claims in the context of a class-wide settlement to compute the attorneys' fees award that Plaintiff is likely to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR | Date | November 25, 2024 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al | | |

recover individually. ECF 12 at 25-26. Plaintiff does not disagree with this general approach in his Reply.

*First*, Plaintiff's argument that attorneys' fees are too speculative to be considered in the amount in controversy is wrong on the law. "That the amount in controversy is assessed at the time of removal does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Chavez*, 888 F.3d at 417. "Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation and must be included in the amount in controversy." *Fritsch*, 899 F.3d at 794.

*Second*, the Court considers only Plaintiff's pro rata share of the attorneys' fees attributable to the entire class. *See Gibson v. Chrystler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001). Because Plaintiff has not provided any estimate of total damages for the purported class, the Court finds that it is reasonable to use the amount of Plaintiff's alleged damages to calculate his proportional share of the fee award. In the Ninth Circuit, where a class action settlement produces a common fund for the benefit of the entire class, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Here, the amount of Plaintiff's individual claims is at least $94,821.54. Both parties assume a class of 100 members. *See* ECF 11-1 at 13; ECF 12 at 26. Assuming Plaintiff's individual claims are proportional to the remainder of the class, the total class-wide damages amount is $9,482,154 ($94,821.54 * 100). The attorneys' fees award attributable to Plaintiff is therefore **$23,705.39** (($9,482,154 / 100) * 0.25).

///

///

///

///

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-06346-MRA-MAR | Date | November 25, 2024 |
|---|---|---|---|
| Title | Jose Martinez v. Sunnova Energy Corporation, et al | | |

## IV.  CONCLUSION

The Court finds that Defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000, as set forth below.

| Claim | Amount in Controversy |
|---|---|
| Overtime Wage Claim | $9,146.57 |
| Meal and Rest Period Penalties | $52,266.12 |
| Waiting Time Penalties | $33,408.85 |
| Wage Statement Penalties | $4,000 |
| Attorneys' Fees | $23,705.39 |
| **TOTAL:** | **$118,526.93** |

For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

|  | - : - |
|---|---|
| Initials of Deputy Clerk | gga |